IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LISA L. REGAN,

    Plaintiff

v.          CIVIL ACTION NO. 08-5923

LAW OFFICES OF EDWIN A.
ABRAHAMSEN & ASSOCIATES, P.C., et al.,

    Defendants.

**MEMORANDUM**

YOHN, J.                                                                     January __, 2010

        Defendants, the Law Offices of Edwin A. Abrahamsen & Associates, P.C. ("EAA"), and Commonwealth Financial Systems, Inc., have filed a motion for reconsideration of the court's December 1, 2009, order (the "December 1 order") granting in part and denying part the motion for partial summary judgment of plaintiff, Lisa L. Regan. For the reasons set forth herein, the court will deny the motion.

        This case concerns defendants' liability under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), for communications EAA sent to plaintiff regarding her debts. In the memorandum accompanying the December 1 order (the "December 1 memorandum"), the court concluded that defendants had failed to create a genuine factual issue as to whether EAA violated two FDCPA provisions, 15 U.S.C. §§ 1692c(a)(2) & 1692c(b), by placing calls to plaintiff at her workplace and at her parents' home and by sending her letters, after being informed that she was represented by counsel. (Dec. 1 Mem. 8-10.) Although defendants conceded that at least some of the communications violated the FDCPA, they argued that they

nevertheless were not liable because the communications were the result of a "bona fide error" by EAA employee, Michael Scavone. In particular, defendants argued that while working on plaintiff's accounts, Scavone deleted and mistakenly failed to re-enter a code reflecting that plaintiff was represented by counsel, thus causing the accounts to fall into a callable range. Both sides moved for summary judgment as to the applicability of this bona fide error defense.

As to communications on plaintiff's Account 2, the account in which Scavone had made the error,[1] the court held that genuine issues of material fact precluded the grant of summary judgment for either party. As to communications on plaintiff's Account 1, however, the court granted plaintiff's motion for summary judgment, finding that defendants had produced no evidence that the communications plaintiff received on that account were the result of Scavone's error, and that they had thus failed to create a genuine issue of material fact as to an essential element of the defense. It is this ruling that defendants ask the court to reconsider.

As defendants acknowledge (Defs.' Mem. 4), "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Reconsideration "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, __ U.S. __, __, 128 S. Ct. 2605, 2617 n.5 (2008) (quoting 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2810.1, pp. 127-128 (2d ed. 1995)).

The basis of defendants' motion is that plaintiff's accounts with EAA were linked such that a reasonable juror could find that Scavone's coding error in Account 2 caused

---

[1] Plaintiff has two accounts with EAA: "Account 1" and "Account 2."

2

communications to be sent to plaintiff on Account 1. Defendants suggest that the court overlooked the fact that the accounts were linked, thus committing a manifest error of fact. (Defs.' Mem. 4.) However, defendants did not argue that the accounts were linked until the instant motion for reconsideration, notwithstanding that they had every incentive to do so in response to plaintiff's summary judgment briefing, which (1) differentiated between the two accounts as to the communications sent to plaintiff on each and the errors made in each, and (2) argued that deletion of the represented by counsel code could not have caused the impermissible communications because several of the calls on Account 1 pre-date the deletion of the code from that account.

Nor is it at all obvious that the accounts were linked in the manner defendants suggest. In support of their assertion, defendants rely not on any newly discovered (or even new) evidence but on the paperless files for the two accounts, which were part of the summary judgment record. Defendants argue that the fact that the notes reflect that calls were placed to both accounts on the same dates and times shows that the accounts were linked.[2] (*See* Defs.' Mem. 4-5; Defs.' Mot. ¶ 5(a).) Although the paperless files show calls to both accounts on some days, the files for the accounts are by no means identical. For example, the represented by counsel code was deleted

---

[2] Defendants also assert that, in fact, plaintiff received only one communication for both accounts. (Defs.' Mem. 5.) This assertion is contradicted by defendants' statement, elsewhere in their motion, that "*[o]ne of the accounts* received an automated call directed to the Plaintiff's attorney, as his phone number was in the callable field," while "*[t]he other account* received a call directed to the last known phone number of the Plaintiff." (Defs.' Mot. ¶¶ 5(h) & (j) (emphasis added).) The court noted in its December 1 memorandum that there was some ambiguity as to whether plaintiff received separate calls on Accounts 1 and 2 (Dec. 1 Mem. 3 n.2, 20 n.18), but that issue can be resolved at the damages stage. In any event, it is clear that EAA sent one letter to plaintiff on Account 1. (*See* Ex. L to Pl.'s Cross-Mot. for Summ. J. (separate letters sent to plaintiff on each account on April 28, 2008).)

3

separately from each account on different days, and there are several days for which the files show communications to plaintiff on one account but not the other. Even when both accounts show calls at the same time and date, the entry is not always the same. For example, while both accounts show a call on January 10, 2008, at 09:41:37, the entry for Account 1 reads "Answering Machine – No message left," while the entry for Account 2 reads "Answer - Left message to call."

Because the motion for reconsideration makes arguments that defendants could have made, and had every incentive to make, prior to the court's summary judgment ruling, and because defendants offer no reason that the failure to consider these arguments would work a manifest injustice, the court will deny defendants' motion.[3] Defendants are not entitled on a motion for reconsideration to get the proverbial "second bite at the apple." An appropriate order accompanies this memorandum.

---

[3] The court also rejects defendants' argument that they raised the bona fide error defense with respect to John McGraw's deletion of the represented by counsel code from plaintiff's Account 1. In response to plaintiff's summary judgment briefing, which specifically addressed McGraw's actions, defendants persisted in arguing the bona fide error defense only as to Scavone's error. In any event, the court did not determine that McGraw's error caused any of the communications to plaintiff on Account 1. To the contrary, the court recognized that several of the calls on Account 1 pre-dated, and thus could not have been caused by, McGraw's deletion of the counsel code from that account.

4